Case 1:14-vv-00433-UNJ   Document 42   Filed 02/06/17   Page 1 of 3

ORIGINAL

REISSUED FOR PUBLICATION
FEB 6 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

FILED
JAN 12 2017
U.S. COURT OF FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHELLE STOKES, | No. 14-433V |
| Petitioner, | Special Master Christian J. Moran |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: January 12, 2017 |
| Respondent. | Decision dismissing case; order to show cause. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michelle Stokes, Antioch, TN, pro se;
Sarah Duncan, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Michelle Stokes filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on May 21, 2014. Her petition alleged that she suffered from lymphadenopathy and other injuries as a result of the human papillomavirus vaccine ("HPV" or "Gardasil") vaccine she received on June 17, 2011. The information in the record, however, does not show entitlement to an award under the Program.

### I.  Procedural History

A detailed procedural history of this case can be found in the second order to show cause issued in this case, filed June 3, 2016. In that order, Ms. Stokes was instructed to show cause as to why her case should not be dismissed by August 2, 2016. Ms. Stokes filed a status report on June 3, 2016, indicating that she was

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

having difficulty locating an attorney but intended to proceed pro se. Ms. Stokes was ordered to file a response to the outstanding order to show cause and to file any outstanding medical records. Order, filed June 7, 2016. During the ensuing status conference, on July 26, 2016, Ms. Stokes stated that her medical records had been received but she still had not been able to retain an expert to opine on her case regarding causation. She requested until December 2016 to obtain an expert report. The undersigned discussed with Ms. Stokes that, due to the prolonged duration of her search for an expert, substantial progress toward obtaining a report would be required before additional enlargements of time. Order, filed July, 27, 2016. To date, Ms. Stokes has not responded.

## II.   Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Stokes suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion. Accordingly, it is clear from the record in this case that Ms. Stokes has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly. <u>See</u> Vaccine Rule 21(b).

IT IS SO ORDERED.

_Christian J. Moran_
Christian J. Moran
Special Master